Filing # 207255051 E-Filed 09/19/2024 12:17:24 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

CHERYLL ANDREWS,

CASE NO.

Plaintiff,

vs.

WAL-MART STORES EAST, LP, a foreign limited partnership d/b/a WALMART SUPERCENTER #1874, and WADE STEVENS, individually, and as Store Manager of WALMART SUPERCENTER #1874

Defendants.

_______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, CHERYLL ANDREWS, by and through her undersigned attorneys, and hereby sues the Defendants, WAL-MART STORES EAST, LP. a foreign limited partnership d/b/a WALMART SUPERCENTER #1874, (hereinafter "WAL-MART") and WADE STEVENS, individually and as Store Manager of WALMART SUPERCENTER #1874, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to § 26.012(2)(a), Florida Statutes, in that this dispute is an action at law in which the amount in controversy exceeds the sum of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees[1].

[1] The estimated value of Plaintiff's claims is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claims will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue is proper in this Circuit pursuant to §§ 47.011 and 47.051, Florida Statutes, in that it is the judicial circuit where the Defendant has, or usually keeps, an office for transaction of its customary business, and where the cause of action alleged herein accrued.

**AS TO ALL COUNTS**

3. At all times material hereto, Plaintiff, CHERYLL ANDREWS, is and was a resident of Charlotte County, Florida and is otherwise *sui juris*.

4. At all times material hereto, Defendant, WAL-MART, is a foreign limited partnership authorized to do business and was in fact engaged in business in Englewood, Charlotte County, Florida.

5. At all times material to this civil action Defendant, WADE STEVENS, was in control of the premises and on duty as manager of WALMART SUPERCENTER #1874, located at 2931 S McCall Road, Englewood, Charlotte County, Florida.

6. At all times material hereto, Defendant WAL-MART, by and through its agents, servants, and/or employees, did own, operate, manage and/or control a retail store WALMART SUPERCENTER #1874, located at 2931 S McCall Road, Englewood, Charlotte County, Florida, which was and is used by and open to the general public.

**COUNT I**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT**
**WAL-MART STORES EAST, LP d/b/a WALMART SUPERCENTER #1874**

Plaintiff re-adopts, re-alleges and re-affirms each and every allegation set forth in the allegations of paragraphs 1 through 6 as if fully set forth herein.

7. On or about July 24, 2024, the Plaintiff, CHERYLL ANDREWS, was lawfully upon the premises of Defendant, WAL-MART, with the knowledge, permission and/or consent of the Defendant, WAL-MART, and thereby occupied the status of an invitee.

8. On or about July 24, 2024, Defendant, WAL-MART, owed a non-delegable duty to the Plaintiff to maintain said premises in a reasonably safe condition, and to warn Plaintiff of any dangers or hazards which existed.

9. At the aforementioned time and place, Defendant, WAL-MART's, employee negligently and carelessly overloaded his/her stock cart where he/she filled the cart too high as to where he/she could not see the Plaintiff CHERYLL ANDREWS and ran into Plaintiff's cart which pushed Plaintiff's cart into her person causing serious injury to Plaintiff.

10. At the aforementioned time and place, Defendant, WAL-MART, by and through its agents, servants, and/or employees, breached its duty owed to Plaintiff, CHERYLL ANDREWS, by committing one or more of the following negligent acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries:

a. Negligently and carelessly permitted the Plaintiff to walk upon said premises without exercising reasonable care for the protection and safety of the Plaintiff.

b. Negligently and carelessly failed to maintain the aforesaid premises in a reasonably safe condition for the use of the Plaintiff.

c. Negligently and carelessly failed to exercise reasonable diligence to discover and/or remedy the unreasonable and/or dangerous condition as previously described.

d. Negligently and carelessly failed to give the Plaintiff timely notice and/or warning of the dangerous condition, which the Defendant knew or should have known existed by the exercise of reasonable care.

e. Negligently and carelessly maintained, controlled, and/or created said dangerous condition and failed to warn the Plaintiff of same.

f. Negligently and carelessly maintained, controlled, operated, and inspected said premises when the Defendant knew, or by the exercise of reasonable care, should have known that walking upon Defendant's premises constituted an unreasonable risk of harm and exposed the Plaintiff to said unreasonable risk of harm.

g. Negligently and carelessly failed to correct the dangerous condition although said Defendant knew, or by the exercise of reasonable care should have known, that said dangerous condition constituted an unreasonable risk of danger and exposed the Plaintiff to same.

h. Negligently and carelessly failed to furnish barriers, signs, or other warnings, or protective devices at or along the aforedescribed location.

j. Negligently and carelessly failed to implement policies and procedures to maintain the aforesaid premises in a reasonably safe condition for the use of the Plaintiff.

11. As a direct and proximate result of the negligence of Defendant, WAL-MART, Plaintiff, CHERYLL ANDREWS, sustained severe, grievous and permanent injuries, physical pain and suffering, grief, anguish, inability to lead a normal life, disfigurement and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses in the future.

WHEREFORE the Plaintiff, CHERYLL ANDREWS, demands judgment for damages, fees, costs, prejudgment interest, and any other relief this Court deems appropriate against the Defendant, WAL-MART STORES EAST, LP, a foreign limited partnership d/b/a WALMART SUPERCENTER #1874, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees, and requests a trial by jury of all issues triable as of right by a jury.

**COUNT II**
**CLAIM FOR NEGLIGENCE AGAINST WADE STEVENS, INDIVIDUALLY AND AS STORE MANAGER OF WALMART SUPERCENTER #1874**

Plaintiff re-adopts, re-alleges and re-affirms each and every allegation set forth in the allegations of paragraphs 1 through 6 as if fully set forth herein.

12. On or about July 24, 2024, Plaintiff, CHERYLL ANDREWS, was a business

invitee on the Premises that is the subject of this complaint.

13. That Defendant, WADE STEVENS, Individually and as MANAGER of WAL-MART was in direct control of the portion of the WAL-MART, where this incident occurred, and he was directly responsible for carrying out certain responsibilities as follows:

a. WADE STEVENS was directly responsible to train store employees to ensure they followed all of WAL-MART's safety policies and procedures with regard to loading merchandise on to stock carts so as not to overload carts so that the employee could safely maneuver the stock cart throughout the store and be able to see customers in his/her path.

b. WADE STEVENS was directly responsible to manage and supervise his employees to ensure all employees were properly following WAL-MART STORES EAST, LP.'s policies and procedures with regard to loading merchandise on stock carts.

c. WADE STEVENS was responsible for hiring employees that were capable of following all of WAL-MART's safety policies and procedures and failed to do so.

14. Defendant, WADE STEVENS, negligently failed to fulfill his direct responsibilities outlined in paragraph 13, above.

15. Furthermore, at all-time material hereto, Defendant, WADE STEVENS, as a store manager of the WAL-MART store in question was in direct control of the area of the premises where this incident occurred and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of the business invitees on the premises. Being in direct control of said business premises, Defendant, WADE STEVENS, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to train, hire, supervise and ensure all employees carefully followed WAL-MART's safety policies and procedures to avoid injury or damages to business invitees, such as Plaintiff, as a result of improper loading of stock carts.

16. Defendant, WADE STEVENS, negligently failed to fulfill his direct responsibilities as outlined in paragraph 15, above.

17. Defendant, WADE STEVENS, being the person in control of said premises, was to personally conduct, reasonable periodic inspections, at reasonable intervals, to ensure all employees had the proper mental capacity to follow all of WAL-MART's safety policies and procedures. Had such personal or individual duties been performed, this accident would never have occurred. Furthermore, Defendant, WADE STEVENS, was furnished written safety policies and procedures by Defendant WAL-MART which indicated and outlined how managers were to perform and instruct employees to properly load merchandise onto stock carts. Defendant, WADE STEVENS, failed to perform such duty in that he failed to inspect and discover that his employees were overloading stock carts so that they were unable to see customers in front of them; and negligently failed to hire and supervise his employees. But for the direct negligent failure of the Defendant, WADE STEVENS, who was in control of such premises, to individually perform such duties and responsibilities as outlined above, Plaintiff, would not have sustained injuries to her body.

18. As a direct and proximate result of the negligence of Defendant, WAL-MART, Plaintiff, CHERYLL ANDREWS, sustained severe, grievous and permanent injuries, physical pain and suffering, grief, anguish, inability to lead a normal life, disfigurement and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, the Plaintiff, CHERYLL ANDREWS, demands judgment for damages from the Defendant, WADE STEVENS, INDIVIDUALLY AND AS MANAGER OF

WALMART SUPERCENTER #1874 in an amount more than FIFTY THOUSAND DOLLARS ($50,000.00), together with interest and costs, and demands a trial by jury on all issues so triable.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was delivered with Summons.

Dated this 19th day of September 2024.

Abrahamson & Uiterwyk Car Accident & Injury Lawyers
900 W. Platt Street
Tampa, FL 33606
Telephone: (813) 222-0500
Facsimile: (813) 221-4738
tgacio@uiterwyklaw.com

s/ Tomas L. Gacio
TOMAS L. GACIO, ESQ., PARTNER
Florida Bar No.: 0845612

SERVICE EMAIL: service@uiterwyklaw.com