UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYLL ANDREWS,

    Plaintiff,

v.

                                      Case No.: 2:25-cv-00014-JLB-NPM

WAL-MART STORES EAST, LP, and
WADE STEVENS,

    Defendants.
_____/

## ORDER

In this Florida negligence case, Plaintiff Cheryll Andrews ("Plaintiff") alleges that she was struck by a stock cart operated by an employee at a Wal-Mart in Englewood, Florida. Plaintiff filed suit in state court against Wal-Mart Stores East, LP ("Wal-Mart") and Wade Stevens ("Mr. Stevens") (collectively, "Defendants"), but Wal-Mart removed the action to federal court. (Docs. 1, 4). Before the Court is the Motion to Dismiss Count II filed by Mr. Stevens (Doc. 17) and the Amended Motion to Remand filed by Plaintiff (Doc. 19). After a careful review of the parties' briefings and the record, the Court concludes that Plaintiff's Motion to Remand (Doc. 19) is due to be **DENIED,** and Mr. Stevens's Motion to Dismiss Count II (Doc. 17) is due to be **GRANTED**.

1

## BACKGROUND[1]

Accepting the well-pleaded facts in the operative complaint as true for the purpose of deciding Defendants' motion to dismiss, the facts are as follows: on or about July 24, 2024, Plaintiff visited a Wal-Mart store located at 2931 South McCall Road in Englewood, Florida (the "Store"). (Doc. 4 at ¶¶ 6, 7). During this visit, a Wal-Mart employee overloaded a stock cart by piling items high enough to obstruct the employee's field of vision while operating the cart. (*Id.* at ¶ 9). The employee then pushed the stock cart into Plaintiff's shopping cart, which caused Plaintiff's shopping cart to strike Plaintiff. (*Id.*). As a result, Plaintiff sustained severe, grievous, and permanent injuries; physical pain and suffering; grief; anguish; inability to lead a normal life; and disfigurement and/or aggravation of a pre-existing condition. (*Id.* at ¶ 11). Plaintiff also incurred various hospital and medical bills. (*Id.*). On September 19, 2024, Plaintiff filed suit in Florida state court against Wal-Mart and Mr. Stevens, the Store's manager at the time of the incident. (*See id.* at ¶ 4–5). On January 6, 2025, Wal-Mart removed the action to federal court. (*See generally* Doc. 1).

Wal-Mart later sought removal pursuant to this Court's diversity jurisdiction.[2] (*Id.*). For purposes of diversity jurisdiction, Plaintiff is a citizen of

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited Plaintiff's Complaint (Doc. 4).

[2] Diversity jurisdiction requires complete diversity between the parties (discussed at length in this Order) and an amount in controversy exceeding $75,000. (*See* 28 U.S.C. § 1332(a)).

Florida (*see* Doc. 4 at ¶ 3, Doc.18 at ¶ 3), Wal-Mart is a citizen of Delaware and Arkansas,[3] and Mr. Stevens is also a citizen of Florida (Doc. 19 at ¶ 7, Doc. 24 at 6). Ordinarily, removal in these circumstances would violate the Eleventh Circuit's complete diversity requirement,[4] but Wal-Mart argued in its Notice of Removal that complete diversity exists between the parties because Mr. Stevens was fraudulently

---

The Court has a *sua sponte* obligation to examine its own subject matter jurisdiction over a case. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). Thus, as an initial matter, the Court must address whether the amount in controversy requirement is satisfied. Plaintiff's Complaint seeks damages "in an amount more than fifty thousand dollars ($50,000), together with interest and costs." (Doc. 4 at 7). Because the Complaint "has not alleged a specific amount of damages, the defendant[s] seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). Defendants met this burden. Plaintiff admitted in her responses to Wal-Mart's request for admissions that her claimed damages exceed $75,000. (Doc. 1 at ¶ 14, Doc. 1-8 at ¶¶ 15–16). Plaintiff further attested in her responses to Wal-Mart's interrogatories that she incurred $204,578 in medical expenses related to the incident. (Doc. 1 at ¶ 11, Doc. 1-5 at ¶ 12). Defendant supported these assertions by attaching Plaintiff's medical bills—totaling $118,672.90—to its Notice of Removal. (*See generally* Doc. 1-6).

[3] Wal-Mart is a limited partnership. (Doc. 1 at 7, Doc. 4 at ¶ 4, Doc. 18 at ¶ 4). For purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990). WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart. (Doc. 1 at 7). Thus, to determine the citizenship of Wal-Mart, the Court must determine the citizenship of WSE Management, LLC and WSE Investment, LLC. For purposes of diversity of citizenship, a limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. (Doc. 1 at 7–8). The sole member of Wal-Mart Stores East, LLC is Wal-Mart, Inc. (Doc. 1 at 8). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Wal-Mart, Inc. is a citizen of Delaware and Arkansas—it is incorporated in Delaware and its principal place of business is in Arkansas. (Doc. 1 at 8). Therefore, Defendant Wal-Mart is a citizen of Delaware and Arkansas.

[4] "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hospital Authority*, 22 F.3d 1559, 1564 (11th Cir. 1994).

joined to the action. (Doc. 1-1 at 9–21).

Mr. Stevens then filed a Motion to Dismiss Count II, arguing that Plaintiff failed to state a claim against him because she did not allege any ultimate facts indicating a breach of duty through his own personal fault. (Doc. 17). Plaintiff did not file a timely response but instead moved to remand this matter, arguing that (a) Defendants are not joined or in agreement in the removal and (b) in any event, this matter belongs in state court because Mr. Stevens' citizenship defeats the Eleventh Circuit's complete diversity requirement and Defendants cannot establish that Mr. Stevens was fraudulently joined. (Doc. 19).

## DISCUSSION

### I. Plaintiff's Motion to Remand

Plaintiff argues that this matter must be remanded due to lack of subject matter jurisdiction. (*See generally* Doc. 19). "[S]ubject-matter jurisdiction underlies a court's power to hear a case," and for that reason, it can never be forfeited or waived. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). If this Court lacks subject matter jurisdiction, it cannot decide the arguments raised in Mr. Stevens's Motion to Dismiss (Doc. 17). Thus, the Court turns first to Plaintiff's Motion to Remand (Doc. 19).

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. Nevertheless, a defendant seeking removal must comply with certain

procedural requirements. *See generally* 28 U.S.C. § 1446. Remand may be appropriate when there is a defect in one of these procedural requirements. *See* 28 U.S.C. § 1447(c).

All defendants who have been properly joined and served must join in or consent to removal of the action. *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015); 28 U.S.C. § 1446(b)(2)(A). "A lack of unanimous consent to removal is a defect in the removal process." *Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1198 (11th Cir. 2019). The Eleventh Circuit has established that this unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction, but it has also cautioned that it is not a "wooden rule." *See Stone*, 609 F. App'x at 981. For example, "the unanimity rule, as well as the requirement for complete diversity of citizenship, does not apply when the non-diverse defendant is fraudulently joined for the purpose of preventing removal." *Bio-Oxford Importacao LTDA. v. Bio-Oxford USA, Inc.*, 2016 WL 6427827, at *2 (S.D. Fla. Jan. 19, 2016) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)); *accord Watson v. Gen. Elec., Inc.*, 2012 WL 5931884, at *3 (N.D. Ala. Nov. 26, 2012).

The burden of showing fraudulent joinder is a heavy one that rests on the removing party. *See Pacheco de Perez v. AT & T Company*, 139 F.3d 1368, 1381 (11th Cir. 1998); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "A defendant seeking to prove that a co-defendant was fraudulently joined must

demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (internal quotation omitted). The defendant must make such a showing by clear and convincing evidence. *Id.*

In this case, Wal-Mart does not allege that Plaintiff has fraudulently pled facts; instead, it claims that there is no possibility that Plaintiff could maintain a cause of action against Mr. Stevens, the non-diverse defendant. (*See* Doc. 24 at 7). Thus, remand is appropriate if Wal-Mart proves by clear and convincing evidence that there is *no possibility* that Plaintiff can maintain a cause of action against Mr. Stevens in state court. *See Henderson*, 454 F.3d at 1281–82. This determination "must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380. The Court must evaluate factual allegations in the light most favorable to Plaintiff and resolve any uncertainties about the law in Plaintiff's favor. *See id.*

To establish negligence under Florida law, a plaintiff must show a duty, a breach of that duty, causation, and damages. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).[5] Plaintiff alleges that, as store manager, Mr. Stevens

---

[5] Florida's substantive law applies to this diversity case. *See, e.g., Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010).

6

owed a duty to maintain the premises in a reasonably safe condition. (Doc. 4 at ¶ 13–15). Plaintiff also alleges that Mr. Stevens owed a duty to sufficiently train store employees to follow Wal-Mart's safety policies and procedures related to loading of stock carts and to ensure that employees followed said policies and procedures. (*Id.*).

However, to establish a tort under Florida law against an officer or agent of a corporation, "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). The "officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his or her employment—he or she must be actively negligent." *Id.* (alteration and quotation marks omitted). Thus, "there is no recognized cause of action for an *in absentia* claim of negligent failure to maintain a store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct." *Petigny v. Wal-Mart Stores E., L.P.*, 2018 WL 5983506, *2 (S.D. Fla. Nov. 14, 2018) (alteration and quotation marks omitted) (concluding that a store manager was fraudulently joined in a personal injury action when the manager provided a sworn declaration that he was not present at the time of the incident and when the plaintiff provided no sworn testimony to the contrary); *see also Stephens v. Petsmart, Inc.*, 2009 WL 3674680, *2 (M.D. Fla. Nov. 3, 2009) (stating that "the

store manager must be liable in his individual capacity and necessarily must be present in the store at the time of the accident in order to know of the hazardous condition and personally participate in the events leading up to the accident"); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 739–740 (M.D. Fla. 1994) (concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); *McElveen v. Peeler*, 544 So. 2d 270, 271–72 (Fla. 1st DCA 1989) (finding personal participation in tortious act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility); *Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) (finding that a corporate agent "does not incur personal liability for [his] torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong").

  In his Declaration, Mr. Stevens states that he was not at work on the date and time of Plaintiff's incident, as Plaintiff's incident occurred on a Wednesday and his work schedule did not include Wednesdays. (Doc. 1-17 at ¶ 5). He also states that he did not witness Plaintiff's incident and that he was not the employee who allegedly hit Plaintiff's shopping cart with the stock cart. (*Id.* at ¶ 7–8). He further asserts that, prior to Plaintiff's incident, he had no knowledge of any employee overloading their stock cart to the point of obstructing their field of vision and that

8

it was his routine and practice to abide by Wal-Mart's safety policies and procedures.  (*Id.* at ¶¶ 10, 12).

Plaintiff points to no evidence to indicate that Mr. Stevens was present in the Store at the time of the fall.  While a court ruling on fraudulent joinder must resolve a factual dispute in the plaintiff's favor, a factual dispute exists "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (quotation omitted) (comparing resolution of a claim of fraudulent joinder to ruling on a motion for summary judgment).  A court does not, "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts." *Id.* (emphasis and quotation omitted).

As Plaintiff has submitted no evidence to create an actual controversy about whether Mr. Stevens was in the store at the time of the fall, and as an absent store manager cannot be held liable for negligence under Florida law, the Court finds that Mr. Stevens is fraudulently joined.  As such, the unanimity rule does not apply, and Mr. Stevens' citizenship does not defeat complete diversity. *See Bio-Oxford Importacao LTDA.*, 2016 WL 6427827, at *2 ("[T]he unanimity rule, as well as the requirement for complete diversity of citizenship, does not apply when the non-diverse defendant is fraudulently joined for the purpose of preventing removal.").  Therefore, Plaintiff's Motion to Remand (Doc. 19) is **DENIED**.

## II. Mr. Stevens's Motion to Dismiss Count II

Mr. Stevens moves to dismiss Count II of Plaintiff's Complaint, arguing that Plaintiff failed to state a claim against him because she did not allege any ultimate facts indicating a breach of duty through his own personal fault. (Doc. 17). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

When evaluating whether dismissal is proper, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

For the reasons stated previously in this Order, the Court finds that Plaintiff cannot state a claim against Mr. Stevens. As such, Mr. Stevens's Motion to Dismiss Count II (Doc. 17) is **GRANTED**.

## CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 19) is **DENIED**.

2. Mr. Stevens's Motion to Dismiss Count II (Doc. 17) is **GRANTED**.

3. The Clerk of Court is **DIRECTED** to terminate Defendant Wade Stevens from this case.

**ORDERED** at Fort Myers, Florida on July 18, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE