UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**CHERYLL ANDREWS**,
    Plaintiff,

v.                                                                                   2:25-cv-14-KCD-NPM

**WAL-MART STORES EAST, LP**, *et ano.*,
    Defendants.

## ORDER

This negligence case began in state court. While it was there, defendant Wade Stevens[1] served plaintiff Cheryll Andrews an offer of judgment under Florida Statute § 768.79. But Andrews did not accept the offer within the statute's 30-day time limit. By removal, defendant Walmart brought the case here, and we subsequently granted Steven's motion to dismiss. With Andrews taking nothing from Stevens in this action, Stevens asks us to sanction Andrews under § 768.79 for not accepting the settlement offer.[2] And as the first step in that process, it moves for a determination of entitlement. Andrews did not submit an opposition, so Stevens's request is deemed unopposed. *See* Local Rule 3.01(c).

Florida's offer-of-judgment statute is substantive for *Erie* purposes and applies here. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349,

---

[1] Stevens worked as a store manager at the Walmart where the alleged incident occurred.

[2] He also asks for costs, but those have already been taxed separately. *See* Doc. 36.

1357 (S.D. Fla. 2010) (citing *McMahan v. Toto*, 311 F.3d 1077, 1079 (11th Cir. 2002)). The statute provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability ….

Fla. Stat. § 768.79(1). Such an offer must:

(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.

Fla. Stat. § 768.79(2). Stevens's offer (Doc. 34-1) complied with the statute, and the judgment as to Stevens was one of no liability. Stevens is entitled to sanction Andrews for not accepting the offer.[3] By **October 31**, **2025**, Andrews and Stevens must review *Ange's Auto Repair & Serv., Inc v. Century Sur. Co.*, No. 2:21-CV-655-SPC-NPM, 2024 WL 922640 (M.D. Fla. Feb. 13, 2024), *R&R adopted*, 2024 WL 916525 (M.D. Fla. Mar. 1, 2024), and diligently confer in person or via videoconference in a good faith effort to resolve this issue based on an examination of defense counsel's invoices, which may be redacted to preserve privilege. To the

---

[3] Such a sanction may include fees generated by moving for entitlement, but not those generated by litigating the amount. *See Steffen v. Akerman, Senterfitt & Edison, P.A.*, No. 804-cv-1693-T-24MSS, 2009 WL 1117390, *1 (M.D. Fla. Apr. 24, 2009).

- 3 -

extent any dispute remains, Stevens must file its supplemental motion on amount by **November 10**, **2025**.

        **ORDERED** on September 26, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge